**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 18, 2005[*]
Decided August 18, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-1346

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    v.<br><br>KENNETH B. MACQUEEN,<br>    *Defendant-Appellant*. | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division<br><br>No. 03 CR 195 1<br><br>Ronald A. Guzmán,<br>*Judge.* |

**O R D E R**

Kenneth MacQueen pleaded guilty to one count of mail fraud, 18 U.S.C.
§ 1341. The plea agreement stipulated that MacQueen defrauded investors of at
least $6,600,000 through a Ponzi scheme, although the government eventually
calculated a smaller loss amount. The agreement expressly waived MacQueen's
right to appeal his sentence under 18 U.S.C. § 3742 or any other grounds. The only

---

[*] After an examination of the briefs and the record, we have concluded that oral
argument is unnecessary. Thus, the appeal is submitted on the briefs and the record.
*See* Fed. R. App. P. 34(a)(2).

exception was for a claim of involuntariness or ineffective assistance of counsel directly related to the plea agreement itself. The district court sentenced MacQueen to 135 months' incarceration and ordered that he pay $5,173,323 in restitution to the victims of his fraud.

On appeal MacQueen argues that he is entitled to a limited remand under *United States v. Booker*, 125 S.Ct. 738 (2005), and *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), despite the waiver clause in his plea agreement, because the district court imposed his sentence under the mistaken belief that the sentencing guidelines were mandatory. MacQueen cites *United States v. Loutos*, 383 F.3d 615 (7th Cir. 2004), for the proposition that a Sixth Amendment violation under *Booker* is a non-waivable claim. However, this court has held since *Loutos* that appeal waivers such as MacQueen's are enforceable, even when the law changes after the plea agreement is signed. *See United States v. Bownes*, 405 F.3d 634, 636-37 (7th Cir. 2005); *see also United States v. Lockwood*, 2005 WL 1743745, at *4 (7th Cir. July 26, 2005). *Loutos,* which does not discuss the effect of the appeal waiver on a *Booker* challenge, cannot be read as inconsistent with *Bownes*. MacQueen's appeal is DISMISSED.